United States District Court
Southern District of Texas
**ENTERED**
June 11, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ERIC FLORES, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 1:18-cv-072 |
| § | |
| LORIE DAVIS, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Petitioner Eric Flores's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, Flores's "Petition") and his Application to Proceed In Forma Pauperis (hereinafter, Flores's "Application"). Dkt. Nos. 1-2. For the reasons provided below, it is recommended that the Court: (1) **DISMISS** Flores's Petition without prejudice; (2) **DECLINE** to issue a certificate of appealability; and, (3) **DIRECT** the Clerk of the Court to close this case.[1]

**I. Discussion**

Flores's Petition attacks a judgment of conviction and sentence issuing out of the 120th Judicial District Court of El Paso, Texas. Dkt. No. 1 at 2.[2] El Paso is within the

---

[1] The Court need not rule upon Flores's Application because it will be rendered moot with the closure of this case.

[2] *See State v. Flores*, 20110D01621 (120th Dist. Ct., El Paso Cnty., Tex. Jan. 28, 2016).

jurisdiction of the United States District Court for the Western District of Texas, El Paso Division.  Flores is currently incarcerated in Karnes County, which is within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.  The Court lacks jurisdiction over this case because a § 2254 petition may only be filed in the federal district where the inmate is confined, or where his state conviction was obtained.  *See* 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).

Because this Court lacks jurisdiction, it is recommended that Flores's Petition be dismissed without prejudice.  Further, dismissal, rather than transfer, is appropriate in this case.  Flores has already filed at least two § 2254 petitions in the Western District of Texas attacking the same judgment of conviction and sentence.  *See Flores v. Moore*, EP-16-CV-130-DCG, 2016 WL 2595117 (W.D.Tex., May 4, 2016); *Flores v. Moore,* EP-16-CV-105-FM, 2016 WL 1530009 (W.D.Tex., Apr. 13, 2016).  The United States District Court in El Paso has dismissed both of these petitions, without prejudice, due to Flores's failure to exhaust his state remedies.  *Id*.  Thus, in addition to having constructive notice of § 2254's jurisdictional requirements, it appears that Flores also has actual notice of § 2254's jurisdictional requirements.

Moreover, even if this were not the case, Flores has violated an order issued by the Court of Appeals for the Fifth Circuit by filing his instant Petition without first seeking leave of court.  *See Flores v. Unknown Defendants*, 713 Fed.Appx. 419, 419 (5th Cir. Mar. 6, 2018) (per curiam) (unpublished).  In *Flores v. Unknown Defendants*, the Fifth Circuit

barred Flores from filing "any" future pleadings, in any court within its jurisdiction, without first seeking leave of court. *Id.*

> We have previously sanctioned Flores for failing to heed this court's warning regarding the filing of frivolous or repetitive pleadings. *See Flores v. Moore*, 700 Fed.Appx. 367, 367 (5th Cir. 2017). In that case, we directed Flores to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive. *See id.* Because Flores ignored our warning, IT IS FURTHER ORDERED that an additional SANCTION IS IMPOSED. Flores is ORDERED to pay a monetary sanction in the amount of $200, payable to the clerk of this court. Flores is BARRED from filing in this court or in any court subject to this court's jurisdiction any pleading until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such pleading. Flores is further CAUTIONED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions. He is again DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

*Id.*[3] Flores has not obtained leave of court prior to filing his instant Petition, and a review of the docket in *Flores v. Unknown Defendants* reveals that he has yet to pay the sanctions ordered by the Fifth Circuit. Therefore, even if Flores had filed his instant Petition in the correct jurisdiction, it would be subject to dismissal due to his failure to comply with the Fifth Circuit's requirements. Flores's Petition should be dismissed.[4]

---

[3] The Court notes that the Fifth Circuit is not the first court to opine about Flores's penchant for filing frivolous or repetitive pleadings. *See, e.g., Flores v. Unknown TDCJ Officials*, Civil Action N. 5:17-CV-020-C, 2017 WL 7791601, at *2 (N.D. Tex., Feb. 6, 2017) ("United States District Courts in nearly every state across the country have been burdened by Mr. Flores' repeated frivolous filings. . . . [Flores] has filed in excess of 200 cases nationwide[.]").

[4] Flores's Petition should be dismissed without prejudice because the Court lacks jurisdiction to dismiss his Petition with prejudice. That said, the undersigned will likely issue a report and recommendation in the near future, recommending the entry of a preclusion order in *Flores v. Davis, Et al.*, Civil Action No. 1:18cv070, to prevent Flores from abusing his judicial access in this Division.

## II. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Flores has not made a substantial showing of the denial of a constitutional right.

## III. Recommendation

It is recommended that the Court: (1) **DISMISS** Flores's Petition without prejudice; (2) **DECLINE** to issue a certificate of appealability; and, (3) **DIRECT** the Clerk of the Court to close this case.

## IV.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 11th day of June, 2018.

_____
**Ignacio Torteya, III
United States Magistrate Judge**